THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Rodney A., Plaintiff,
v.
Keisha G., Tony
 B., and South Carolina Department of Social Services, Defendants,
And South
 Carolina Department of Social Services, Respondent,
v.
Keisha G., Tony
 B., and John Doe, Defendants,
Of whom Tony B.
 is the Appellant.
In the interest of a minor child under the age of 18.
 
 
 

Appeal From Greenville County
 Robert N. Jenkins, Sr., Family Court
 Judge

Unpublished Opinion No. 2011-UP-491
Submitted November 1, 2011  Filed
 November 3, 2011   

AFFIRMED

 
 
 
Amos A. Workman, of Greenville, for Appellant.
Deborah  Murdock, of Mauldin, for Respondent.
Robert A. Clark, of Greenville, for Guardian ad Litem.
 
 
 

PER
 CURIAM: Tony B. (Father) appeals the
 family court's order terminating his parental rights to his minor child
 (Child), arguing the family court erred in finding (1) he wilfully failed to
 support Child, (2) Child has been in foster care for at least fifteen of the most
 recent twenty-two months, and (3) termination of parental rights (TPR) was in
 Child's best interests. We affirm.[1]
On appeal from
 the family court, this court reviews factual and legal issues de novo.  Simmons
 v. Simmons, 392 S.C. 412, 414, 709
 S.E.2d 666, 667 (2011); see also Lewis v. Lewis, 392 S.C. 381,
 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family
 court's findings de novo, we are not required to ignore the fact that the trial
 court, who saw and heard the witnesses, was in a better position to evaluate
 their credibility and assign comparative weight to their testimony.  Lewis,
 392 S.C. at 388, 709 S.E.2d at 653.  The burden is upon the appellant to
 convince this court that the family court erred in its findings.  Id. at 391, 709 S.E.2d at 655.  "In appeals from the family
 court, the appellate court has the authority to find the facts in accordance
 with its view of the preponderance of the evidence."  Ex parte
 Morris, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006).  "This broad
 scope of review does not, however, require the appellate court to disregard the
 findings of the family court."  Id.  "This degree of
 deference is especially true in cases involving the welfare and best interests
 of a minor child."  Id. at 62, 624 S.E.2d at 652.
 We find clear and
 convincing evidence exists that Father wilfully failed to support Child.[2]  See § 63-7-2570(4) (2010) (noting one ground for TPR is
 when the "child has lived outside the home
 of either parent for a period of six months, and during that time the parent
 has wilfully failed to support the child").  "Willful conduct is that
 which 'evinces a settled purpose to forego parental duties . . . because it
 manifests a conscious indifference to the rights of the child to receive
 support and consortium from the parent.'" S.C. Dep't of Soc. Servs. v.
 Marccuci, Op. No. 27049 (S.C. Sup. Ct. filed Oct. 3, 2011) (Shearhouse Adv.
 Sh. No. 35 at 20) (citation omitted).  "Whether a parent's failure to
 visit or support a child is wilful is a question of intent to be determined by
 the facts and circumstances of each case."  S.C. Dep't of Soc. Servs.
 v. Wilson, 344 S.C. 332, 336, 543 S.E.2d 580, 582 (Ct. App. 2001).
Here,
 clear and convincing evidence exists that Father has not paid child support
 since the family court ordered it in 2002.  Although Child's guardian ad litem indicated
 that Father paid child support once in 2005, the Department of Social Services
 (DSS) caseworker testified DSS had no records of Father paying any child
 support.  Although Father explained he gave the money directly to Child's mother,
 Father offered no evidence in support of this claim.  Additionally, the family
 court found Father in civil contempt in 2006 for failure to pay child support
 and ordered him to serve four months' incarceration and pay the arrearages upon
 release.  Moreover, the family court never modified or suspended his child
 support obligation.  In fact, the 2006 merits removal order redirected Father's
 child support to DSS and the civil contempt order required Father to pay his
 child support payment in addition to the arrearages upon his release.  
Furthermore,
 Father's argument that his failure to support was not wilful because he was
 incarcerated is unpersuasive.  Although Father explained he did not pay child
 support while incarcerated because he had no financial means of paying, Father
 acknowledged he was employed occasionally while incarcerated.  Furthermore,
 Father acknowledged he never asked anyone in his family to provide child
 support.   Father's brother, sister, and aunt all testified that Father never
 asked them to help with child support.  Essentially, the record reflects that
 Father has made no effort to pay child support or provide material
 contributions to Child since the family court's order in 2002.  Thus, we find
 his behavior evinces a settled purpose to forgo his obligation to support
 Child, and the family court did not err in finding Father wilfully failed to
 support Child.  
 Once a statutory ground has been proven, this court
 must determine whether there was evidence termination was in the child's best
 interests.  In a TPR case, the best interests of the child are the paramount
 consideration.  S.C. Dep't of Soc. Servs. v. Janice C., 383 S.C. 221, 228, 678 S.E.2d 463, 467 (Ct.
 App. 2009).  If the parent's and child's interests conflict, the child's
 interest prevails.  See S.C. Code Ann. § 63-7-2620 (2010).  
 We find clear and
 convincing evidence in the record supports the family court's findings that the
 termination of Father's parental rights is in Child's best interests.  The
 record reveals that Father essentially has never cared for Child during her
 lifetime.  Furthermore, Father has repeatedly put his own interests ahead of
 hers.  Father purposefully chose to leave Child at his cousin's house
 immediately after gunshots were fired in order to evade the police and arrest.
 Additionally, Father's whereabouts were unknown for the first two years of DSS's
 involvement with Child.  In fact, Father only began participating in the DSS
 proceedings and hearings after he was incarcerated in 2006.  Additionally,
 Child has indicated that she was ready to move on and no longer wanted to
 receive letters from Father.  Child has also chosen not to write him anymore. 
 Furthermore, Child is in need of a stable home environment with caretakers who
 can provide the love and support she needs to live a happy, healthy, and
 productive life.  According to Child's guardian ad litem and the DSS
 caseworker, Child currently has this support from her foster parents. Accordingly,
 we find the family court correctly determined TPR was in Child's best interest. 
AFFIRMED.
HUFF,
 PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because we find Father wilfully failed to support
 Child, we need not address the remaining statutory ground for TPR.  See Stinecipher
 v. Ballington, 366 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App. 2005)
 (stating once one statutory ground is met, this court need not address whether
 any other ground for TPR has been proved).